Cullen, J.
— The principle involved in this case' is substantially the same as that in Re Mitchell, 81 Hun, 401, 61 St. Rep. 121; and that the decision made by the general term of this court must control, unless the changes in the statute, made to provide for the use of a blanket ballot, have rendered that decision inapplicable. I think that such is not the case. The .present ballot law treats of but two general kinds of nominations — party^nom: inations and independent nominations.
Independent nominations are those provided for by the certificate of certain number of voters, under section 57. Section 56 provides for party nominations. This section recognizes the fact that there may be divisions within a party, of several factions of the same party. It directs that in such case the officer with whom the nominations are filed shall give the faction recognized by the party authorities the regular party emblem; and as to other factions, if they have not adopted emblems, he shall select emblems for them. By this section it will be seen that the irregular nominees, if we may use that term, are still party noniinees, and in no wise independent nominations; for as already stated section 57 expressly defines independent nominations. By section 81 the form of the ballot is prescribed, and the manner in which the voter shall indicate his vote. Every party ticket is to have a separate column, and the instruction is to be placed at the circle at the head of the column: “ For a straight ticket, mark within
this circle.” If the nominees of the party as to which there is no factional dispute are not to be placed in such column, it renders the whole system of marking the ballot futile in such a case. I think, therefore, the action of the clerk was correct and should be sustained. Application denied.